UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-270-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **ARTHUR JOSEPH GERARD, III,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Strike Prejudicial Surplusage in Indictment. When striking surplusage, courts may only strike those allegations that are not "relevant to the charge and are inflammatory and prejudicial." United States v. Williams, 445 F.3d 724, 733 (4th Cir. 2006); see also United States v. Awan, 966 F.2d 1415, 1426 (11th Cir. 1992) (holding that a motion to strike surplusage should not be granted "unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial"). Indeed, "[t]he test is conjunctive; thus, information that is prejudicial, yet relevant need not be struck, nor should information that is irrelevant but not prejudicial." United States v. Osborne, 2010 WL 582594 (W.D.N.C. 2010). Given this "most exacting standard," Awan, 966 F.2d at 1426, courts have recognized that "[m]options to strike surplusage are rarely granted." United States v. Hedgepeth, 434 F.3d 609, 611 (3d Cir. 2006). This is especially true since a jury instruction that an indictment is not evidence is usually a sufficient safeguard against undue prejudice. Williams, 445 F.3d at 734.

First, defendant seeks to strike the following statement from the indictment:

> On or about March 20, 2008, GERARD filed, and caused to be filed, false and fraudulent tax returns for the tax years 2005 and 2006 to the Internal Revenue Service on behalf of DeHaan.

Indictment, ¶ 13(f). Defendant argues that this statement is irrelevant, since tax returns from 2005 and 2006 have nothing to do with the conspiracy charge, which alleges a conspiracy beginning in 2007. However, the government points out that while those tax years predate the conspiracy, they allege that defendant actually filed the returns for those years seven months after the conspiracy began, placing it firmly within the charged agreement to defraud the IRS. As that statement in the indictment thus appears relevant, the court will not strike it as surplusage.

Next, defendant argues all instances of the use of the word "straw" to describe companies that defendant created is irrelevant and prejudicial, as is use of the word "random" to describe the company names defendant created. Defendant argues that using the term "straw" to describe the companies defendant made is inflammatory, suggesting that the companies were not real when they were legitimately created. Similarly, defendant argues that use of the term "random" in connection with names suggests the companies were meaningless and served no legitimate purpose, when the defense will show that defendant believed he was creating legitimate and viable companies.

The court cannot agree. A "straw" company is typically understood to mean a company designed to create an appearance of ownership in order to disguise the identity of the true owner. See United States v. Fitzgerald, 416 F. App'x 238, 245 n. 4 (4th Cir. 2011) (unpublished). The dictionary definition of "random" is "having no definite aim or purpose." Oxford English Dictionary (online ed.) (s.v. "random"). Here, the government alleges that defendant and his co-conspirators used straw companies and bank accounts to hide assets, income, and ownership from the IRS, with the manner and means including straw companies using random names. As

these terms are thus relevant to the government's theory of the case, the court declines to strike them from the indictment. Having thus considered defendant's motion and reviewed the pleadings, the court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Strike Prejudicial Surplusage in Indictment (#40) is **DENIED**.

Signed: August 29, 2018

Max O. Cogburn Jr
United States District Judge