UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-270

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **ARTHUR JOSEPH GERARD III,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss. Having

considered defendant's motion and reviewed the pleadings, the court enters the following Order.

I.      **Background**

On October 19, 2016, a federal grand jury in the Western District of North Carolina

returned an indictment against defendant, charging him with one count of conspiracy to defraud

the government, in violation of 18 U.S.C. § 371. According to the indictment, defendant

conspired with Reuben T. DeHaan and Richard H. Campbell, Jr. to defraud the United States

through a plan and scheme to hide from the Internal Revenue Service ("IRS") over $2.7 million

in gross receipts that were earned by DeHaan through a holistic medicine business. In that

regard, defendant allegedly began in October 2007 to organize straw companies that he sold to

DeHaan for the purpose of hiding DeHaan's income and assets from the IRS. Defendant

allegedly advised DeHaan to open multiple bank accounts in the names of the companies and to

transfer his income through different accounts to hide income, and allegedly aided DeHaan in

transferring ownership of his assets in order to hide said ownership. Most directly, in 2008

defendant advised and assisted DeHaan in the preparation and filing of documents with the IRS, which the government purports to be false documents claiming DeHaan paid appropriate amounts of taxes. Campbell joined the conspiracy and agreed to the use of his name to organize straw companies for defendant and DeHaan, and is named as the organizer of at least three limited liability companies that served to hide DeHaan's income. Taken together, these alleged actions violated 18 U.S.C. 371 with intent to defraud the government.

Now, defendant seeks dismissal of the indictment, arguing that he had a good faith belief that he was not involved in violation of tax laws, that the government is prosecuting him for beliefs, statements, and activities protected by the First Amendment, and that he has been deprived of the opportunity to review all of the discovery in this case. The court will consider defendant's motion below.

## II.     Legal Standard

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may file a motion to dismiss challenging an indictment for failure to state an offense. Specifically, an indictment "must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense." United States v. Daniels, 973 F.2d 272, 274 (4th Cir. 1992); see also Russell v. United States, 369 U.S. 749, 763-64 (1962); United States v. Palin, 874 F.3d 418, 424 (4th Cir. 2017). In reviewing a motion to dismiss, courts accept all factual allegations in the indictment as true. See Boyce Motor Lines v. United States, 342 U.S. 337, 343 n. 16 (1952). Further, courts construe indictments in a "practical" rather than "purely technical" manner. United States v. Matzkin, 14 F.3d 1014, 1019 (4th Cir. 1994).

## III.    Discussion

First, the court considers defendant's good faith argument. Defendant argues that his good-faith belief that that he was not violating any tax laws constitutes a complete defense of his actions. Normally, ignorance of the law or good-faith misunderstandings do not constitute a defense for criminal prosecution, but the Supreme Court has held that "special treatment" is afforded to criminal tax offenses "due to the complexity of the tax laws." Cheek v. United States, 498 U.S. 192, 200 (1991) (holding that the government bears burden of negating a defendant's claim of ignorance of the law or his good-faith belief that he was not violating any tax laws); see also United States v. Pirro, 212 F.3d 86, 91 (2d Cir. 2000) (holding that "new points of tax law" or novel theories of tax law cannot form the basis of criminal liability); United States v. Harris, 942 F.2d 1125, 1131 (7th Cir. 1991) (same). Specifically, defendant argues that the conspiracy he is charged with requires willfulness and intent to violate tax laws. See United States v. Mallas, 762 F.2d 361, 363 (4th Cir. 1985); United States v. Dahlstrom, 713 F.2d 1423, 1428 (9th Cir. 1983); Pirro, 212 F.3d at 91. As he had a good-faith belief that he was not violating any tax laws, defendant argues that he lacks the requisite intent and willfulness to be charged with a criminal tax offense and the indictment should be dismissed.

However, the court cannot find this is a proper basis for dismissal of the indictment. First, Federal Rule of Criminal Procedure 12(b)(3)(B)(v) concerns whether the government has failed to state an offense in the indictment.  It may well be true that the government may ultimately be unable to prove that defendant lacked the requisite intent and willfulness, but that has nothing to do with whether the indictment itself is flawed. Second, the court notes that the government intends to show that each member of the conspiracy had knowledge of the object of the

conspiracy and joined the conspiring intending to achieve that object, <u>Ingram v. United States</u>, 360 U.S. 672, 678 (1959), as well as rely on circumstantial evidence to establish said intent. <u>United States v. Burgos</u>, 94 F.3d 849, 857-58 (4th Cir. 1996). Resolving such an issue with a motion challenging the sufficiency of the indictment itself would be improper and deny the jury their rightful responsibility to resolve such an important question of fact. As such, the court will deny defendant's motion on this basis. Defendant can, of course, move at the conclusion of the government's case-in-chief if he believes the government has not presented sufficient proof as to each and every element.

Next, the court considers defendant's argument that the government is prosecuting him for beliefs, statements, and activities protected by the First Amendment. Defendant claims that the government's efforts to use his "off the grid" lifestyle, abstention from consumer credit, and desire to minimize tax liability threatens his First Amendment rights. Again, the court cannot find this is a justifiable basis for dismissal of the indictment based on Federal Rule of Criminal Procedure 12(b)(3)(B)(v). Further, "speech is not protected by the First Amendment when it is the very vehicle of the crime itself." <u>United States v. Varani</u>, 435 F.2d 758, 762 (6th Cir. 1970); <u>United States v. Fleschner</u>, 98 F.3d 155, 158-59 (4th Cir. 1996) (holding that the First Amendment does not protect speech which urges the listener to commit crimes). This applies equally to cases involving tax fraud. <u>See</u> <u>United States v. Kelley</u>, 769 F.2d 215, 217 (4th Cir. 1985) ("The claim of First Amendment protection of his speech is frivolous. His was no abstract criticism of income tax laws. His listeners were not urged to seek congressional action to exempt wages from income taxation. Instead, they were urged to file false returns, with every expectation that the advice would be heeded."); <u>United States v. Rowlee</u>, 899 F.2d 1275, 1278

(2d Cir. 1990) (holding that First Amendment defense is inapplicable to a conspiracy to defraud the IRS where defendant demonstrated to others how to avoid paying taxes). As the government anticipates introducing evidence showing that his "off the grid" lifestyle is connected to the alleged conspiracy and that his speech to his co-conspirators involved filing false documents and funneling income through various straw companies and bank accounts to avoid IRS detection, such evidence would clearly remove defendant's speech from the protections offered by the First Amendment. See Kelley, 769 F.2d at 217; Fleschner, 98 F.3d at 158-59. As such, the court will deny defendant's motion on this basis.

Finally, the court considers defendant's argument that he must be allowed to retain and review all available discovery materials while in jail. Defendant argues that limiting review of discovery to what defense counsel brings with him on visits to jail materially disadvantages his defense and violates his rights under the Fifth and Sixth Amendments. Generally, it is true that a defendant generally has the right to review all discovery materials that will be used against him at trial. United States v. Hung, 667 F.2d 1105, 1108 (4th Cir. 1981). That said, it is not improper to restrain counsel "from leaving discovery materials with the [defendant] in jail to safeguard the material contained therein." Ratliff v. United States, 2013 WL 1567405, at *6 (D.S.C. Apr. 15, 2013); see also In re Bragg, 2012 WL 566958, at *3 (W.D. Va. Feb. 21, 2012) (noting that standard practice is to restrict discovery materials to the possession of defense counsel). Indeed, this was the reason for the court *granting* defendant's motion to transfer to the Gaston County jail, as defendant claimed such transfer would give his counsel greater visitation access and allow for sufficient review of the discovery materials. In conjunction with the government's assurances that sensitive information relating to others besides defendant is contained in much of

the discovery materials, along with the fact that defendant already has access to many of the pertinent emails in this matter since he sent or received them himself (and he may thus access them from his own email at any time), the court will deny defendant's motion on this basis.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss (#41) is **DENIED**.

Signed: August 29, 2018

Max O. Cogburn Jr.
United States District Judge