UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-CR-00270-MOC-DSC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )<br>)<br>)<br>) |
| Vs. | )  ORDER<br>) |
| **ARTHUR JOSEPH GERARD III,** | )<br>) |
| Defendant. | ) |

**THIS MATTER** is before the Court on defendant's Motion for Judgment of Acquittal. The government has filed its Response and the matter is ripe for consideration. Having just tried the matter, the evidence presented in support of the government's case-in-chief remains fresh in the undersigned's mind; thus, there is no need for the Court to order and review a transcript.

When considering a post-verdict motion for judgment of acquittal, the court assesses whether, taking the evidence in the light most favorable to the Government, a rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. See United States v. Higgs, 353 F.3d 281, 313 (4th Cir. 2003) (holding that a conviction must be sustained if there is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt") (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir.1996) (en banc)). The court does not weigh the credibility of witnesses but accepts any such determinations made by the jury which are necessarily resolved by the verdict. See United States v. Wilson, 118 F.3d 228, 234 (4th Cir.1997) (holding that credibility determinations are reserved for the jury, and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe) (internal quotation

1

marks omitted); United States v. Arrington, 719 F.2d 701, 704 (4th Cir.1983). In making a Rule 29 motion, "[a] defendant challenging the sufficiency of the evidence to support his conviction bears 'a heavy burden.'" United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (citation omitted). "Reversal for insufficient evidence is reserved for the rare case 'where the prosecution's failure is clear.'" Id. (quoting Burks v. United States, 437 U.S. 1, 17 (1978)).

In the light most favorable to the Government, a reasonable finder of fact could accept the evidence presented as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt. There is no clear failure by the prosecution in this case to present evidence on each-and-every element of the offense charged. The motion will, therefore, be denied.

This finding, however, in no manner diminishes the excellent advocacy of defendant's counsel, who provided defendant with effective and skillful representation throughout all stages of the trial. Having considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Judgment of Acquittal (#79) is **DENIED**.

Signed: October 10, 2018



Max O. Cogburn Jr
United States District Judge