UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-CR-00270-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **ARTHUR JOSEPH GERARD III,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion for a New Trial. Earlier, defendant filed a Motion for Acquittal (#79), which this Court denied. Order (#82).

Pursuant to Fed. R. Crim. P. 33, upon motion of the defendant, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Id. When ruling on a motion for a new trial, the district court is not constrained to view the evidence in the light most favorable to the government, and the court may evaluate the credibility of the witnesses. United States v. Arrington, 757 F.2d 1484, 1485 (4th Cir.1985). However, the district court must show deference to the jury's verdict and should grant a new trial only "[w]hen the evidence weighs so heavily against the verdict that it would be unjust to enter judgment." Id. The Fourth Circuit has held that "a trial court should exercise its discretion to award a new trial sparingly and a jury verdict is not to be overturned except in the rare circumstance when the evidence weighs heavily against it." United States v. Smith, 451 F.3d 209, 216-17 (4th Cir. 2006).

For the same reasons explained in its previous Order, the Court finds that this case does not present one of the rare circumstance when the evidence weighs so heavily against the jury verdict as to warrant a new trial. United States v. Smith, 451 F.3d 209, 216-17 (4th Cir. 2006).

1

Indeed, even when the Court considers *de novo* the credibility of the witnesses and does not view the evidence in a light most favorable to the government, the evidence presented still *fully* supports the verdict of the jury.

Further, the Court finds no merit to defendant's claims of prosecutorial misconduct, as the pretrial agreement concerning exhibits was patently limited to the government's case-in chief. See Exhibit A (#80-1). Further, an argument that a prosecutor would limit, in advance of trial, the exhibits the government intends to use on cross of a witness, who the government does not know will actually testify or as to what that person will testify, stretches the limits of logic. Here, the government properly crossed the defendant with emails that contradicted defendant's testimony on direct. The government's examination of the defendant was clearly within the bounds of Rule 611(b).

As to the defendant's claims of Rule 404(b) violations, the Court also finds no merit to these contentions. This Court recalls that it conducted a hearing on the issue and, after balancing of the competing interests, determined that admission of evidence that the IRS had no record of a filed tax return by defendant since 1997 would be admitted. Defendant raises no new arguments in support of his Rule 404(b) argument, and the Court reaffirms its determination as to admission of this record. Defendant also takes issue with the Court's admission of emails to other clients of defendant wherein he provided tax advice. As these emails were relevant to defendant's intent and to rebut his claim that he always told his clients to pay their taxes, the Court's decision to allow admission of these emails remains sound under Rule 404(b) as the probative value outweighed any unfair prejudice. Finally, the Court finds no reason for a new trial based on its decision allowing evidence of flight with a limiting instruction, which remains sound based on the reasoning provided during the trial.

Finally, defendant assigns error to the Court's decision not to allow him to admit during his case in chief the entirety of the evidence that he claims he relied upon to form his good faith belief. The Court did, however, allow defendant to testify at great length about his reliance on certain books and people he considered to be experts in the field. The Court did limit the introduction of the books into the record, but instead allowed defendant to testify as to his understanding of the book and to read passages to the jury. The instant motion provides no reasons other than those already considered by this Court at trial. This assignment of error provides no basis for a new trial.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for a New Trial (#80) is **DENIED**.

Signed: October 23, 2018

Max O. Cogburn Jr
United States District Judge