UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-270

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| ARTHUR JOSEPH GERARD, III, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on Defendant's Pro Se Motion for Return of Property,[1] (Doc. No. 125), and on the Government's Response.

### I. BACKGROUND

Defendant was arrested on this Court's warrant when he re-entered the United States from Costa Rica at the Charlotte Douglas International Airport (CLT) on Thursday, August 3, 2017. Defendant was transported by Special Agents (SAs) with the Internal Revenue Service, Criminal Investigation (IRS-CI) from CLT to the Mecklenburg County jail pending his initial appearance on the following day.

Defendant was held in custody on the Government's motion until his detention hearing on August 10, 2017. Attorney W. Kelly Johnson with the Federal Defenders' Office was appointed to represent Defendant. After hearing evidence on August 10, 2017, United States Magistrate Judge David S. Cayer ordered Defendant detained pending trial. Defendant was found guilty of conspiracy to commit tax fraud. He now moves to have certain seized property returned to him.

---

[1] Defendant's pending motion incorporates his first motion, which was denied because he was represented by counsel. Defendant's first motion listed the items seeks to have returned.

1

Defendant's Motion for Return of Property includes the following inventory of personal items of which he seeks return:

**1. Items in Defendant's Possession at his arrest:**

A. One (1) .99999 silver ounce round commemorating The Ship "Titanic"; and

B. One (1) pre-1933 silver round ounce U.S. minted coin; and

C. One (1) .999 silver ounce round; and

D. One (1) Thick (about 52 page) U.S. Passport; and

E. One (1) black polyester passport wallet containing an international driver's permit, airline receipt, airline ticket voucher, and other various papers; and

F. 10" x 13" manila envelope containing [Defendant's] medical records, prescriptions, doctor's reports and lab test reports; and

G. Prescribed medications from Costa Rico pharmacy including, but not limited to, two (2) vials of insulin with 34 syringes, oral acid reflux medication, and a few others; and

H. Various attorney-client privileged and intended documents, including yellow pad, notes collected by Internal Revenue C.I.D. Agent R. West and other unknown officers. (Doc. No. 110 at 2-3).

**2. Items "collected" from 2023 Knell Drive:**

In addition, Defendant states that on or about October 16, 2016, unknown federal officers "collected a list of documents, a legal manual, various audio cassette tapes, and other items from the residence of 2023 Knell Drive, Charlotte, NC that were property of [Defendant]." (Doc. No. 110 at 3).

II.     **FACTUAL ASSERTIONS IN THE GOVERNMENT'S RESPONSE**

As noted, Defendant was arrested in the CLT Customs area on August 3, 2017. At the time of his arrest, Defendant had in his possession $883 U.S. currency, a black nylon passport wallet containing his United States Passport, airline tickets and itineraries, and a bookbag containing legal documents, medications, and various other personal items. See (Gov't Ex. #1). Defendant's bookbag and personal items were transported with him to the Mecklenburg County Jail but remained in the possession of the IRS-CI agents because personal property is not allowed in the jail.

After consultation with the U.S. Attorney's Office, it was determined that the only items of evidentiary value were the Defendant's passport and airline tickets and itineraries, which they kept inside the black passport wallet. Documents show the cash in Defendant's possession was re-counted by IRS-CI SA Darrell Tacy and placed in an IRS-CI safe. An unsigned memorandum dated August 14, 2017, states that SAs Tacy and West "returned $883 to AJ Gerrard's defense counsel." See (Ex. 2). SA West gave the Defendant's book bag and remaining items to SA Tacy. SA Tacy believes he gave Defendant's personal items—except for his passport, airline tickets, and cash—to Defendant's family members who were present at his Detention Hearing. The Government offered the black nylon wallet containing Defendant's original U.S. passport, airline tickets, and printed itinerary into evidence at trial. These items remain in the Government's possession as part of the record of trial.

In October 2016, IRS-CI agents began looking for Gerard to serve him with a grand jury subpoena. Gerard was known to frequent a residence located at 2023 Knell Drive, in Charlotte, North Carolina. In 2016, this property was owned by Mary Michele McCaskill, formerly Mary M. Vandenberg. Unknown to IRS-CI investigators at the time, Gerard had entered Costa Rica on

October 1, 2016 where he remained until his arrest on August 14, 2017. The property at 2023 Knell Road was sold on or about February 15, 2017.

On or about October 17, 2016, IRS-CI Special Agent Robert Key was surveilling 2023 Knell Drive from around 4 p.m. until 7:30 p.m. in hopes of locating Gerard. During this time, SA Key observed a White Chevy Tahoe backed into the driveway and a pile of boxes on the lawn in front of the house. When SA Key came back to 2023 Knell Drive at around 8:20 p.m., the boxes were on the curb with two bags of trash. SA Key retrieved the two bags of trash and items from the boxes, including a legal manual, audio cassette tapes, and various documents. The Government argues that the items that Gerard now claims as his property were in fact abandoned as trash. Therefore, they are no longer his property. See California v. Greenwood, 486 U.S. 35, 40, (1988) ("It is common knowledge that plastic garbage bags left on or at the side of a public street are readily accessible to animals, children, scavengers, snoops, and other members of the public."); United States v. Redmon, 138 F.3d 1109, 1114 (7th Cir. 1998) (Defendant's garbage was abandoned when he moved it out of his garage and placed it for collection).

The Government asserts in its response that, except for Defendant's passport and other documents entered into evidence in these proceedings, the Government does not object to the return of personal property in Defendant's possession at the time of his arrest and believes in good faith that it has already done so. The Government states that, despite diligent inquiry, the Government has been unable to locate signed receipts or memoranda documenting the transfer and/or disposal of these items. The Government asserts that $883 U.S. currency, the bookbag, and items of personal clothing are not among the items that Defendant claims he is missing.

4

The Government states that since the case remains on direct appeal and the Defendant and stated his intent to collaterally attack his conviction under 18 U.S.C. § 2255, the Government objects to the return of any personal property used as evidence in the case.

Having considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Return of Seized Property (Doc. No. 125) is **GRANTED** in part and **DENIED** in part. That is, the items seized are evidence in a pending case, were previously returned, and/or were abandoned and are no longer Defendant's property.

As the Government notes in its response, Defendant has the right to seek administrative remedy for his purported loss of property by filing a Form 5646, Claim for Damage, Injury or Death, against the Treasury Department-Internal Revenue Service. Defendant can submit his claim to IRS Claims Management, 1111 Constitution Avenue, N.W., Room 6404 (CC-GLS), Washington, D.C. 20224 or electronically to Claims.Manager@irs.gov.

Signed: October 28, 2021

Max O. Cogburn Jr.
United States District Judge

5

Case 3:16-cr-00270-MOC-DSC   Document 139   Filed 10/28/21   Page 5 of 5